**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
AT CINCINNATI
CIVIL CASE NO: 10-172-MRB-TSH**

**OWEN HOBBS,**                                                                              **PETITIONER,**

**V.**

**WARDEN, LEBANON
CORRECTIONAL INSTITUTE,**                                                  **RESPONDENT.**

**AMENDED[1] REPORT AND RECOMMENDATION[2] THAT
(1) THE RESPONDENT'S MOTION TO DISMISS BE GRANTED; AND THAT
(2) THIS PETITION FOR A WRIT OF HABEAS CORPUS BE DENIED.**

Petitioner Owen Hobbs, through counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On May 10, 2010, the Respondent filed a motion to dismiss in lieu of filing a complete Answer, on grounds that the petition is both time-barred and procedurally defaulted. Consistent with local practice, the matter has been referred the undersigned for initial consideration and a report and recommendation pursuant to 28 U.S.C. § 636(b).

**I. Background**

After a jury trial, Petitioner was convicted in state court of Murder and a related firearm charge.  On July 12, 2000, Petitioner was sentenced to fifteen years to life imprisonment on the

---

[1] This Amended R&R is intended to supercede the R&R filed on November 2, 2010, in which the undersigned neglected to address issues relating to any future appeal before the Sixth Circuit.  The Amendment addresses that oversight, but in all other respects is materially identical to the previously filed R&R.

[2] **Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation**

murder charge, with a consecutive mandatory three-year term for the firearm specification. Petitioner's conviction was affirmed on direct appeal on May 25, 2001.  On September 5, 2001, the Ohio Supreme Court denied discretionary review and dismissed the case.

Nearly seven years elapsed before Petitioner sought any further review of his conviction in state or federal court.  On April 3, 2008, Petitioner filed a delayed application to reopen his state court appeal pursuant to Ohio Appellate Rule 26(B), alleging ineffective assistance of appellate counsel based upon his failure to challenge the performance of trial counsel.  On August 4, 2008, the Ohio Court of Appeals denied the delayed 26(B) application.  On December 3, 2008, the Ohio Supreme Court dismissed the appeal on grounds that it failed to involve any substantial constitutional question.  On March 15, 2010, Petitioner filed the instant proceeding, seeking relief in federal court.

The Respondent has moved to dismiss on the basis that the petition is both time-barred and procedurally defaulted.  I agree, and therefore now recommend that the Respondent's motion be granted.

## II.  Applicable Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner has only one-year in which to file a federal petition for writ of habeas corpus.  *See* 28 U.S.C. §2244(d). The statute generally begins to run from "the date on which the [state court] judgment became final by the conclusion of direct review."  28 U.S.C. §2244(d)(1)(A).  The one-year period of limitations is tolled, however, by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. §2244(d)(2).

In this case, Petitioner challenges a July 12, 2000 judgment of conviction in state court.

Direct appeal of Petitioner's conviction was concluded on September 5, 2001, when the Ohio Supreme Court denied discretionary review. Petitioner had ninety days thereafter in which to file a petition for writ of certiorari before the United States Supreme Court, but he failed to do so. Petitioner's state court conviction "became final by the conclusion of direct review" when his time period for filing a petition for writ of certiorari expired on December 4, 2001. *See Souter v. Jones*, 395 F.3d 577, 586 (6th Cir. 2005)(one year statute of limitations does not begin to run until time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired). The instant petition is clearly time-barred because it was not filed until March 15, 2010, more than *eight years* after the federal limitations period expired. Once the one-year limitations period has expired, a federal petition can no longer be considered.

In response to the motion to dismiss, Petitioner argues that his federal petition should be considered to be timely filed because it was filed within one year of the denial of a state post-conviction motion, assuming that 90 days for filing a petition for writ of certiorari is added to that date. As an underlying basis for federal relief, Petitioner argues that his attorney's performance was constitutionally deficient on direct appeal.

Petitioner first attempted to present his ineffective assistance of appellate counsel claim in state court under Ohio App. Rule 26(B), which permits a defendant to move to re-open his appeal. However, such motions are required under state law to be filed "within 90 days of the journalization of the state court's decision...unless the applicant shows good cause for filing at a later time." Petitioner did not file his Rule 26(B) motion until nearly seven years after his conviction was affirmed on direct appeal, but argues that he did not become aware of his ineffective assistance of appellate counsel claim until "shortly" before the April 4, 2008 filing date of his Rule 26(B) motion. The Ohio Supreme Court denied the Rule 26(B) motion as

untimely on December 19, 2008. Petitioner contends that this federal petition should be considered timely because it was filed within one year and 90 days of the denial of his state court Rule 26(B) motion.

Petitioner's argument fails on several grounds. First and foremost, a Rule 26(B) motion is a collateral post-conviction proceeding, not a direct appeal. *Lopez v. Wilson*, 426 F.3d 339 (6th Cir. 2005). Although a state post-conviction proceeding may toll the federal statute of limitations for seeking relief under §2254, tolling is ineffective where the petitioner waits until the one-year federal statute of limitations has expired before seeking state post-conviction relief. *See Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079 (2007); *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003)(post-conviction motion may toll the limitations period, but will not restart the clock); *but see Jimenez v. Quarterman*, ___U.S. ___, 129 S. Ct. 681 (2009)(holding that one-year clock is restarted in rare case when state court grants post-conviction relief in form of right to file out-of-time appeal before a defendant has first sought federal habeas relief). In addition, a petition for writ of certiorari from the denial of a state court post-conviction proceeding has no effect whatsoever on the federal statute of limitations. While a 90-day grace period for seeking additional relief from the United States Supreme Court does apply to determine the "finality" of a state court conviction on direct appeal, no similar grace period is added to determine the end-date of state post-conviction proceedings. *See Lawrence v. Florida*, 549 U.S. at 332.

In sum, Petitioner's time period for seeking federal relief expired many years before he filed his state court Rule 26(B) motion. Even if Petitioner's one-year clock had been restarted by his filing a Rule 26(B) motion (contrary to existing federal law), his federal petition would still be time-barred because Petitioner failed to file his §2254 petition within one year of the denial of

post-conviction relief by the state court, and no extension is permitted for filing a petition for writ of certiorari in the United States Supreme Court in cases involving collateral rather than direct review.

To the extent that petitioner may seek it, I also find no basis for equitable tolling of the statute of limitations in this case. In the Sixth Circuit, courts determine the propriety of equitable tolling on a case-by-case basis based upon a list of five factors. However, in general a party must demonstrate: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *See Pace v. DiGulglielmo,* 544 U.S. 408, 418, 125 S. Ct. 1807 (2005); *see also Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002)(citation omitted). Petitioner's professed ignorance concerning his claims for ineffective assistance of appellate counsel is insufficient to trigger the doctrine of equitable tolling, which is to be "sparingly" applied. *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir.2003).

### III. Procedural Default

In addition to the time-bar, the Respondent persuasively argues that the merits of the petition should not be reviewed because Petitioner's claims were defaulted in state court. Prior to seeking federal relief under §2254, a petitioner must fully and fairly present his constitutional claims to the highest state court, so that the state is given the first opportunity to decide and remedy, if necessary, any alleged violations of its prisoners' federal rights. 28 U.S.C. §2254(b) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S. Ct. 1728, 1731 (1999).

Where a petitioner has failed to present his claims to the state courts, but may no longer do so due to the application of a state procedural bar, his claims are procedurally defaulted. A procedurally defaulted claim may not be reviewed absent cause for the default and a showing of actual prejudice. *See Wainwright v. Sykes*, 433 U.S. 72 (1977). In this case, although Petitioner

attempted to present his claims through a Rule 26(B) motion, the state court denied relief on grounds that Petitioner's motion was untimely.  Because Ohio refused to consider Petitioner's claims because they were not presented in conformity with a state procedural rule, this federal court may not consider the defaulted claims.  *See Scuba v. Brigano*, 527 F.3d 479, 488 (6th Cir. 2007)(rejection of Rule 26(B) motion as untimely was adequate and independent state ground for purposes of procedural default analysis); *see also generally Coleman v. Thompson,* 501 U.S. 722, 729-32, 111 S.Ct. 2546 (1991)(federal habeas courts will not review federal issues rejected "on a state law ground that is independent of the federal question and adequate to support the judgment."); *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

Petitioner's contention that he has established cause and prejudice for his procedural default is without merit.   A petitioner's pro se status or any "ignorance of the law and procedural requirements for filing a timely notice of appeal is insufficient to establish cause to excuse his procedural default."  *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004)(*citing Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995)).

**IV.  Conclusion and Recommendation**

Without question, this petition is both time-barred and barred from federal review based on Petitioner's procedural default.  Accordingly, **IT IS RECOMMENDED THAT:**

1.  The Respondent's motion to dismiss [Doc. 5] be **granted**, and that the petition for writ of habeas corpus [DE #1] be **denied with prejudice** and dismissed from the active docket;

2.  A certificate of appealability should not issue with respect to any claim alleged in the petition, because no claim for relief states a "viable claim of the denial of a constitutional right" or presents issues that are "adequate to deserve encouragement to proceed further."  *See Slack ,* 529 U.S. at 475 (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C.

§ 2253(c); Fed. R. App. P. 22(b);

    3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis* from any Order adopting the undersigned's Report and Recommendation to deny habeas corpus relief on claims alleged in the petition, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of such Order would not be taken in "good faith," and, therefore, should **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

    This 4th day of November, 2010.



Signed By:
J. Gregory Wehrman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
AT CINCINNATI
CIVIL CASE NO: 10-172-MRB-TSH

**OWEN HOBBS,**                                                                         **PETITIONER,**

**V.**

**WARDEN, LEBANON
CORRECTIONAL INSTITUTE,**                                    **RESPONDENT.**

**NOTICE**

      Attached hereto is the Report and Recommendation Decision of the Honorable J. Gregory Wehrman, United States Magistrate Judge.  Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations **within 14 days** after being served with this Report and Recommendation.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to another party's objections **within 14 days** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).